UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

EMILY EDWARDS,

      Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY,

      Defendant.
_____/

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** Defendant THE STANDARD FIRE INSURANCE COMPANY ("Standard Fire"), by and through its undersigned counsel, and hereby files and serves this Notice of Removal of the civil action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-005853-CI, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of removal, states as follows:

    *A.*    *Background*

Plaintiff EMILY EDWARDS brings this action after allegedly being injured in a motor vehicle accident on or about March 4, 2022. Plaintiff claims that on that date, she was operating a motor vehicle in Pinellas County, Florida. She claims that same time and place, Sangkhom Viravong allegedly negligently and carelessly operated and/or maintained a motor vehicle so as to allegedly cause a collision with Plaintiff.

1

*See* Cmplt., at ¶¶ 6, 7, attached as Exhibit "1". She claims Viravong was allegedly an underinsured/uninsured motorist at that time. *Id.* ¶¶ 7, 11.

Plaintiff claims that at all material times, she had in force and effect a policy of insurance providing uninsured/underinsured motorists' coverage with Standard Fire. Plaintiff brings the instant action pursuant to Fla. Stat. § 627.727 against Standard Fire as the underinsured motorist insurer for Plaintiff. Plaintiff allegedly furnished Standard Fire with timely notice of the motor vehicle accident, allegedly provided proof of the claim for damages, and allegedly complied with all conditions precedent to entitle her to recover under the Standard Fire policy; however, Standard Fire allegedly denied that coverage exists and/or refused to pay Plaintiff the alleged full value of her claim. *Id.* ¶¶ 8–12.

On or about December 12, 2022, Plaintiff filed a Complaint against Standard Fire, the sole Defendant, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-005853-CI. Copies of the Compliant filed in state court, along with accompanying exhibits, all other process, pleadings, orders, or other papers or exhibits of every kind that were filed in the state court, are attached hereto as Exhibits "1" through "4". In her Complaint, Plaintiff asserts a claim against Standard Fire for underinsured motorist benefits. Standard Fire now removes this action to the United States District Court for the Middle District of Florida, Tampa Division, based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

**B.**   ***Removal Generally***

Removal of cases from state courts to federal courts is governed in part by 28 U.S.C. § 1441, which states in pertinent part as follows:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one over which the United States District Court for the Middle District of Florida, Tampa Division, would have original jurisdiction, this case may properly be removed pursuant to 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In the instant case, Defendant Standard Fire has filed a Notice which complies with 28 U.S.C. § 1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, Defendant Standard Fire has filed with this Court a copy of all process, pleadings, orders or other papers which have been filed in the state-court action.

### C.   *Federal Jurisdiction*

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079,

3

1085 (11th Cir. 2010). Both the diversity-of-citizenship and amount-in-controversy requirements are satisfied in this case.

1. <u>Diversity of Citizenship</u>

Complete diversity requires that every plaintiff have diverse citizenship from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Federal courts have explained that citizenship of an individual, for purposes of diversity jurisdiction, is determined by his or her domicile, which is the place of the person's "'true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.'" *BGX E-Health LLC v. Darren Neil Masters*, No. 6:21-cv-1022-WWB-LHP, 2022 WL 9964905, at *3 (M.D. Fla. Oct. 17, 2022) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2022)). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, in the Complaint, Plaintiff explicitly alleges that at all times material to this action, she was a natural person residing in Queens County, New York. *See* Exh. "1", ¶ 3. However, courts within this Circuit have found that allegations of residence, standing alone, are insufficient to establish domicile. *See, e.g.*, *Raslavich v. Albee Baby Carriage Co., Inc.*, No. 8:22-cv-2207-CEH-MRM, 2022 WL 6698826, at *2 (M.D. Fla. Oct. 11, 2022) (explaining the difference between domicile and residence for purposes of diversity jurisdiction). Instead, the removing party must establish a person's intent to remain in his state of residence. Such is often demonstrated by the homestead

exemption, voter registration, driver's licenses, and automobile registration. *See, e.g.*, *Eubanks v. Progressive Am. Ins. Co.*, No. 6:22-cv-1672-RBD-DCI, Doc. 6 (M.D. Fla. Sept. 20, 2022) (order to show cause by District Judge Dalton, collecting cases and identifying evidence that may be used to demonstrate domicile for purposes of diversity jurisdiction); *BGX E-Health LLC*, 2022 WL 9964905, at *3 (collecting cases and identifying materials that courts may consider to determine domicile); *Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011) (recognizing the Florida homestead exemption as evidence of domicile); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016) (identifying factors frequently taken into account when determining an individual's domicile).

Regarding Plaintiff Emily Edwards, Defendant Standard Fire hereby submits to the Court a copy of Plaintiff's voter registration information, showing she is an Active registered voter in New York, specifically in Astoria, NY. *See* Exhibit "5". Defendant also obtained a driving record for Plaintiff which shows that she holds a license issued by the State of New York. *See* Exhibit "6". Based on these items, as well as Plaintiff's allegations that she resides in Queens County, New York, Plaintiff is domiciled in, and a citizen of, New York for purposes of diversity jurisdiction.

Next, regarding Defendant Standard Fire, as explained in the attached Affidavit, Standard Fire is a Connecticut corporation with its principal place of business in Connecticut. *See* Exhibit "7". Accordingly, Standard Fire is a citizen of Connecticut for purposes of diversity jurisdiction.

Since Plaintiff is a citizen of New York, and Defendant Standard Fire is a citizen of Connecticut, complete diversity of citizenship exists between Plaintiff and Defendant; therefore, § 1332's diversity-of-citizenship requirement is satisfied in this case.

    2.    <u>Amount in Controversy</u>

In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). When the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy" and "may consider facts alleged in the [complaint or] notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).

In this case, Plaintiff alleges that she has brought an action for damages in excess of $30,000 exclusive of interest, court costs, and attorney's fees. *See* Exh. "1", ¶ 1. Therefore, the burden shifts to the removing defendant to demonstrate that the amount in controversy in this case more likely than not exceeds $75,000.

Here, prior to filing suit, Plaintiff's counsel provided Defendant with a presuit demand letter, dated November 11, 2022, in which Plaintiff demanded payment of $500,000.00, which represents the uninsured/underinsured policy limits. *See* Exhibit "8", at 1.

Regarding Plaintiff's alleged injuries, medical expenses, and past and future medical treatment, the letter claimed that Plaintiff, who was allegedly 32 years old, was allegedly transported to a hospital from the scene of the incident and was allegedly diagnosed with a head injury. Subsequently, she allegedly complained of issues sleeping, constant pain throughout her entire body but more specifically to her head, neck, and back, and difficulties with certain tasks. *Id.* at 3. She was allegedly given an 86% neck disability and 78% low back disability. *Id.* She also allegedly experienced left knee pain, left shoulder pain, and left ankle pain. *Id.* at 4. Plaintiff was allegedly diagnosed with, *inter alia*, a traumatic brain injury, postconcussional syndrome, joint derangements of the left ankle, joint derangements of the left shoulder, internal derangements of the left knee, lumbar radiculopathy, cervical radiculopathy, and brain injury with concussion. *Id.* An EEG allegedly found an underlying structural or functional abnormality. *Id.* She also allegedly underwent nerve conduction studies and an EMG, which allegedly showed evidence of acute bilateral C5-C6

radiculopathies. An MRI of Plaintiff's brain allegedly showed significant atrophy possibly representing a traumatic brain injury, or TBI. *Id.* at 5. An MRI of her lumbar spine allegedly showed a broad disc protraction at L5-S1 and mild disc bulging at L4-5. A cervical spine MRI allegedly showed a focal central disc protraction indenting the anterior dural sac at C3-4 and C4-5. *Id.* at 6. Plaintiff also allegedly experienced TMJ pain since the accident, and allegedly treated for same. *Id.* The letter states that Plaintiff would allegedly require orthopedic/orthodontic treatment. *Id.*

Regarding her medical expenses, past and future medical treatment, and claimed non-economic damages, the letter claimed that Plaintiff allegedly sustained $24,626.94 in medical expenses to date. *Id.* at 7. The letter claimed Plaintiff will allegedly require additional medical treatment in the future to mitigate her injuries. *Id.* It also claimed non-economic damages of past and future pain and suffering allegedly totaling $2,965,576.00. *Id.* at 7–8.

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008); *Short v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-839-Orl-28, 2013 WL 5550789, at *2 (M.D. Fla. Sept. 25, 2013); *Fischer v. State Farm Mut. Auto. Ins. Co.,* No. 10–14124–CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Courts have found demand letters to be "'legally certain evidence'" that the amount in controversy meets federal jurisdictional

requirements. *Bowen v. State Farm Mut. Auto. Ins. Co.,* No. 6:10–cv–144–Orl–19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting *Lazo v. U.S. Airways, Inc.,* No. 08–80391–CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)).

Here, Plaintiff's presuit demand sought payment of $500,000.00. Such demand establishes by a preponderance of the evidence the diversity jurisdiction amount-in-controversy requirement. *See, e.g., Bowen,* 2010 WL 1257470, at *3; *Fischer,* 2011 WL 573836, at *2 ("Evidence of a settlement demand in excess of $75,000.00 constitutes evidence that the jurisdictional requirement has been met. . . . Plaintiffs have not introduced evidence that the amount in controversy is $75,000 or less. Defendant has accordingly met its burden of showing by a preponderance of the evidence that the jurisdictional amount was met."). Furthermore, Plaintiff alleges past medical bills of $24,626.94. She also claims the need for future medical care and claims significant alleged non-economic damages. Taking these factors into account, as well as Plaintiff's demand of $500,000.00, § 1332's amount-in-controversy requirement is satisfied in this case. *See, e.g., Katz v. J.C. Penney Corp.,* No. 09-60067, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009) (taking into account the plaintiff's estimates of future medical care and damages for pain and suffering in assessing the amount-in-controversy requirement).

For the reasons stated above, both the diversity-of-citizenship and amount-in-controversy requirements contained in § 1332 are satisfied. Consequently, this Court has original jurisdiction over this entire civil action.

**D.   Venue**

28 U.S.C. § 1441(a) provides that a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed this case—and it is currently pending in—the Circuit Court of the of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-005853-CI. The Middle District of Florida and the Tampa Division of the United States District Court for the Middle District of Florida embrace Pinellas County, Florida. *See* 28 U.S.C. § 89(b); M.D. Fla. Local R. 1.04(a), (b). Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Tampa Division.

E. *Timeliness of Removal*

28 U.S.C. § 1446(b) requires that a Notice of Removal in a civil action or proceedings shall be filed within thirty (30) days after receipt by defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Here, pursuant to FLA. STAT. §§ 48.151(3) and 624.423, the Complaint was served upon the Florida Chief Financial Officer, as process agent of Standard Fire, on December 16, 2022. It was then served on Standard Fire on December 20, 2022. *See* Exhibit "4" at 26, 27 (Notice of Service of Process). Plaintiff's Complaint is the first pleading properly served on any defendant. Therefore, removal is timely.

F. *Unanimous Consent to Removal*

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must

join in or consent to the removal of the action." Defendant Standard Fire consents to this removal, and since Defendant Standard Fire is the only Defendant, consent to removal is unanimous.

### G.   Conclusion

WHEREFORE, for the grounds set forth above, Defendant THE STANDARD FIRE INSURANCE COMPANY respectfully requests that the entire civil action now pending before the Circuit Court of the of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-005853-CI, *Emily Edwards v. The Standard Fire Insurance Company*, be removed to the United States District Court of the Middle District of Florida, Tampa Division.

Respectfully submitted this 13th day of January, 2023.

          LAW OFFICE OF JACK D. EVANS

          */s/ JOHN JANOUSEK*
          John Janousek, Esquire
          Fla. Bar No.: 98599
          2420 Lakemont Avenue, Suite: 125
          Orlando, Florida 32814
          Telephone:   (407) 388-2916
          Facsimile:   (855) 203-0311
          Attorney for Defendant
          JJanouse@travelers.com
          JDeorlan@travelers.com
          GZapata@travelers.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system on this 13th day of January, 2023, which shall serve a copy of the foregoing to all counsel of record. Additionally, I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served by e-mail to counsel for Plaintiff, Andrew Metzger, Esq., Morgan & Morgan Tampa, P.A., 111 2nd Avenue NE, Suite 1600, St. Petersburg, FL 33701, Email ALMpleadings@forthepeople.com, on this 13th day of January, 2023.

    LAW OFFICE OF JACK D. EVANS

    */s/ JOHN JANOUSEK*
John Janousek, Esquire
Fla. Bar No.: 98599
2420 Lakemont Avenue, Suite: 125
Orlando, Florida 32814
Telephone:  (407) 388-2916
Facsimile:   (855) 203-0311
Attorney for Defendant
JJanouse@travelers.com
JDeorlan@travelers.com
 GZapata@travelers.com